IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO SUAREZ, | ) | Case. No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., Attorney General | ) | |
| of the United States, and B. TODD JONES, | ) | |
| Director of the Bureau of Alcohol, Tobacco, | ) | |
| Firearms and Explosives, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **COMPLAINT**

Now comes Plaintiff Julio Suarez, by and through undersigned counsel, and complains of Defendants as follows:

## THE PARTIES

1.      Plaintiff Julio Suarez is a natural person and citizen of Pennsylvania and of the United States, residing in Gettysburg, Adams County, Pennsylvania. Mr. Suarez presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of the policies complained of in this action.

2.      Defendant Eric H. Holder, Jr. is sued in his capacity as the Attorney General of the United States. As Attorney General, Holder is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

1

3. B. Todd Jones is sued in his capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). As Director of BATFE, Jones is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

## STATEMENT OF FACTS

*Plaintiff's Background*

6. Plaintiff Suarez is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

7. On or about June 26, 1990, Suarez was convicted by the Montgomery County (Maryland) District Court of one misdemeanor count of carrying a handgun without a license, in violation of then-Md. Ann. Code art. 27, § 36B(b) (1990) ("Section 36B(b)").

8. Section 36B(b) was a misdemeanor punishable by up to three years imprisonment, but carried no mandatory minimum sentence.

2

9. Suarez was sentenced to one year probation, as well as 180 days imprisonment and a $500 fine, both suspended. Suarez paid costs totaling $25 and successfully completed probation. Apart from one 1998 misdemeanor conviction for driving under the influence, Suarez has not since been convicted of any violation.

10. Suarez has been married for 20 years, and is in the process of successfully raising three children. Suarez is an Elder in his local Presbyterian Church, and holds a "Secret" security clearance in connection with his employment for a government contractor. Suarez is an honorably discharged Army veteran, who was awarded the Army Commendation Medal as well as the Army Achievement Medal.

11. Suarez is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen.

12. Suarez's Maryland conviction once disabled him from possessing firearms, pursuant to 18 Pa. C.S. § 6105(a). However, on August 31, 2009, the Court of Common Pleas of Adams County, Pennsylvania, granted Suarez's petition for removal of disqualification from owning or possessing firearms, pursuant to 18 Pa. C.S. § 6105(d)(3)(ii). *See Commonwealth* v. *Suarez*, Court of Common Pleas, Adams County, Pennsylvania Criminal No. CP-01-MD-615-2009. Per that order,

> The Commonwealth has reviewed the petition and is satisfied that the Defendant is no longer disqualified pursuant to the statute. Accordingly, it is directed that Julio Suarez shall no longer be considered ineligible or disqualified from owning or possessing a firearm in the Commonwealth of Pennsylvania as a result of a 1990 conviction for a handgun violation in Montgomery County, Maryland.

3

*Defendants' Regulatory Scheme*

13.     Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by a prison sentence of up to ten years. See 18 U.S.C. § 924(a)(2).

14.     The term "crime punishable by imprisonment for a term exceeding one year" "does not include . . . (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20). Defendants have taken the position that the term "crime punishable by imprisonment for a term exceeding one year" includes state misdemeanors carrying statutory sentencing ranges exceeding two years, without regard to any mandatory minimum sentence, such as Section 36B(b).

15.     Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by a prison sentence of up to ten years. See 18 U.S.C. § 924(a)(2).

16.     All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 CFR 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

17. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers yes to this question, and simply to deny the transaction on the basis of that answer:

> If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the NICS because the subject is prohibited from purchasing.

BATF FFL Newsletter, May, 2001, Issue I, at 14, available at

http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf

> If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an [sic] "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

BATF FFL Newsletter, September 1999, Issue II, at 2, available at

http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-1999-09.pdf

*Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

18. Suarez desires and intends to possess firearms for self-defense and for defense of his family.

19. Owing to his Maryland misdemeanor conviction, Suarez is prohibited by Defendants from following through with his intent to obtain a firearm, based on Defendants' interpretation and enforcement of 18 U.S.C. §§ 921(a)(20)(B) and 922(g)(1).

5

20. Suarez refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

21. Suarez is unwilling to purchase a firearm from a private party, because doing so would subject him to arrest, prosecution, fine, and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

22. Considering Defendants' interpretation of federal law, Suarez is unwilling to state on Form 4473 that he has not, in fact, been convicted of a crime punishable by imprisonment for over one year. But should Suarez answer, on Form 4473, that he has been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows Defendants' directives would refuse to sell Suarez a firearm on account of the fact that Suarez is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, Suarez suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which Suarez would, in fact, obtain but for the enforcement of 18 U.S.C. § 922(g)(1).

COUNT ONE
DECLARATORY AND INJUNCTIVE RELIEF
INTERPRETATION OF 18 U.S.C. §§ 921(a)(2)(B), 922(g)(1)

23. The allegations of paragraphs 1 through 22 are incorporated as though fully set forth herein.

24. Suarez's conviction for misdemeanor carrying a firearm without a license, in violation of Md. Ann. Code art. 27, § 36B(b) (1990), cannot be the basis for a firearms disability under 18 U.S.C. § 922(g)(1), because it is a state misdemeanor "punishable by a term of imprisonment of two years or less," 18 U.S.C. § 921(a)(20)(B), as demonstrated by the fact Suarez's punishment did not include any term of imprisonment.

25. Suarez is entitled to declaratory and injunctive relief barring Defendants from enforcing 18 U.S.C. § 922(g)(1) against him on account of his misdemeanor conviction for violating Md. Ann. Code art. 27, § 36B(b) (1990).

## COUNT TWO
## INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
## RIGHT TO KEEP AND BEAR ARMS, U.S. CONST., AMEND II

26. The allegations of paragraphs 1 through 25 are incorporated as though fully set forth herein.

27. Suarez is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen. Suarez is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

28. On account of Julio Suarez's unique personal circumstances, including but not limited to the nature of his misdemeanor conviction, the passage of time since that conviction, Suarez's generally law-abiding record over the years, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Suarez, personally, the firearms prohibition of 18 U.S.C. § 922(g)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. Declaratory relief to the effect that 18 U.S.C. § 922(g)(1) cannot be applied against Julio Suarez on account of his 1990 misdemeanor conviction under Md. Ann. Code art. 27, § 36B(b) (1990);

2.	Declaratory relief to the effect that application of 18 U.S.C. § 922(g)(1) against Suarez, on account of his 1990 Maryland misdemeanor conviction, violates the Second Amendment to the United States Constitution;

3.	An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Julio Suarez on the basis of his 1990 Maryland misdemeanor conviction;

4.	Costs of suit;

5.	Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

6.	Any other further relief as the Court deems just and appropriate.

Dated: May 19, 2014					Respectfully submitted,

						By:	/s/ Douglas Gould
Alan Gura*						Douglas Gould (PA Bar No. 78357)
Gura & Possessky, PLLC				Law Offices of Douglas T. Gould, P.C.
105 Oronoco Street, Suite 305			925 Glenbrook Avenue
Alexandria, VA 22314				Bryn Mawr, PA 19010
703.835.9085/Fax 703.997.7665			610.520.6181/Fax 610.520.6182
alan@gurapossessky.com				dgould@gouldlawpa.com

*Admission pro hac vice pending			Attorneys for Plaintiffs