# UNPUBLISHED DECISIONS (PART 3 OF 3)

Not Reported in F.Supp.2d, 2006 WL 519393 (M.D.Tenn.)
**(Cite as: 2006 WL 519393 (M.D.Tenn.))**

Only the Westlaw citation is currently available.

United States District Court,
M.D. Tennessee, Nashville Division.
Steven WILSON
v.
UNITED STATES OF AMERICA

No. 3:05-0238.
Feb. 28, 2006.

Steven Wilson, Lebanon, TN, pro se.

Sam Delk Kennedy, Jr., James K. Vines, Office of the United States Attorney, Nashville, TN, for Defendant.

ORDER

CAMPBELL, J.

**\*1** Pending before the Court are a Report and Recommendation of the Magistrate Judge dated February 17, 2006 (Docket No. 14) and Plaintiff's objections thereto (Docket No. 15). The Court has reviewed the Magistrate Judge's findings, the objections, and the record.

The Plaintiff's objections are OVERRULED, and the Report and Recommendation is ADOPTED and AP-PROVED. Accordingly, Defendant's Motion to Dismiss (Docket No. 8), which has been considered by the Court as a Motion for Summary Judgment (*see* Docket no. 14, p. 3), is GRANTED. Plaintiff's claims concerning 18 U.S.C. § 922(g)(1) are DISMISSED with prejudice. Plaintiff's claims concerning 18 U.S.C. § 922(d)(1) are DISMISSED without prejudice. To the extent Plaintiff is asserting the unconstitutionality of 18 U.S.C. § 922(b)-*see* Docket No. 15, p. 1-Plaintiff's claims with regard to that statute are DISMISSED without prejudice for the same reasons his claims concerning 18 U.S.C. § 922(d) are dismissed.

The pretrial conference set for June 19, 2006, and the trial set for June 27, 2006, are canceled. This Order shall constitute the final judgment in this case pursuant to Fed.R.Civ.P. 58.

IT IS SO ORDERED.

*REPORT AND RECOMMENDATION*

KNOWLES, Magistrate J.

I. *Introduction and Background*

This matter is before the Court upon Defendant's "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted." Docket No. 8. Defendant has filed a supporting Memorandum of Law (Docket No. 9), and Plaintiff has filed a "Memorandum of Points and Authorities in Opposition to Motion to Dismiss" (Docket No. 11).

Plaintiff, who is proceeding pro se, filed a "Complaint for Declaratory Relief" that challenges the constitutionality of 18 U.S.C. § 922(d)(1) and § 922(g)(1). Docket No. 1. Plaintiff states that those statutes, respectively,

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

make it illegal for a licensed firearm dealer to sell firearms to a previously convicted felon and for a convicted felon to possess a firearm that has traveled in interstate commerce.[FN1] Plaintiff avers that he is a "previously adjudicated non-violent (mail fraud) felon." Docket No. 1, ¶ 4.

> FN1. Despite Plaintiff's allegation, the Court notes that Section 922(d)(1) is not restricted to licensed firearm dealers. The statute plainly applies to "any person."

> Additionally, the statutes at issue relate to both firearms and ammunition. For ease of reference, however, the Court will generally use the term "firearms" through this Report and Recommendation to include both firearms and ammunition.

Plaintiff does not aver in his Complaint that he wishes to possess a firearm that has traveled in interstate commerce or that he wishes to purchase such a firearm from a licensed firearm dealer. Additionally, Plaintiff does not aver in his Complaint that he is a licensed firearm dealer or a person who wishes to sell a firearm that has traveled in interstate commerce.

Defendant notes in its Opposition that Plaintiff's Complaint does not show he has standing to raise these issues, because he does not allege that he is a firearms dealer nor does he allege that he wishes to possess a firearm. Docket No. 9, p. 1 n. 1.

In his Response, however, Plaintiff states in part:

The Plaintiff does wish to purchase and possess 2 guns and 2 boxes of ammunition from a licensed gun dealer. 1 gun and 1 box of ammunition which have traveled in interstate commerce as well as 1 gun and 1 box of ammunition which have not traveled in interstate commerce.

**\*2** The Plaintiff also wishes to buy 1 used gun and 1 box of ammo. which have traveled in interstate commerce, from a person who is not a licensed gun dealer.

Docket No. 11, p. 3.

Plaintiff avers that the referenced statutes are unconstitutional under numerous provisions of the United States Constitution. Plaintiff argues that the statutes are bills of attainder and ex post facto laws, and as such, they violate Article I, Section 9 of the Constitution. He argues that the statutes violate Article III of the Constitution because Congress has "violated the separation of powers" in enacting the referenced statutes, because these statutes impose further punishment on nonviolent felons whose cases have been adjudicated and their sentences have been "completed to the satisfaction of the courts." Plaintiff further claims that the statutes violate the Second Amendment to the Constitution by infringing upon the rights of non-violent felons to keep and bear arms. Plaintiff also argues that the statutes violate the Fifth Amendment to the Constitution by denying non-violent felons substantive and procedural due process, by subjecting such persons to be placed twice in jeopardy for the same offense, by depriving such persons of life, liberty, or property without due process and by holding such persons to answer for "an infamous crime, without presentment to a grand jury." Plaintiff next argues that the statutes violate the Sixth Amendment to the Constitution by "denying non-violent felons whose cases have already been adjudicated and their sentence is fulfilled to the satisfaction of the courts, from having a trial by an impartial jury prior to having their rights further infringed by the government, such infringement being based solely upon a criminal action which has already been disposed of by the court, by the person having already fulfilled his obligations to the court's satisfaction." Plaintiff further avers that the statutes violate the Eighth

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 519393 (M.D.Tenn.)
**(Cite as: 2006 WL 519393 (M.D.Tenn.))**

Amendment to the Constitution by imposing cruel and unusual punishment on non-violent felons. Finally, Plaintiff argues that the statutes violate the Tenth Amendment to the Constitution, because, "The powers undertaken by the United States, in it's [*sic* ] passage of the referenced statutes is reserved by the tenth amendment to the states, or to the people." Docket No. 1.

Because the Court will consider matters outside the pleadings, namely certain statements in Plaintiff's Opposition to the Motion, the Court will consider the Motion as a Motion for Summary Judgment, pursuant to Fed.R.Civ.P. 12(b) and 56.

II. *Summary Judgment Standards*

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To prevail, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *See Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir.1989). In determining whether the moving party has met its burden, the court must view the evidence in the light most favorable to the nonmoving party. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

**\*3** Fed.R.Civ.P. 56 provides that the non-moving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a non-moving party, however, fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Celotex,* 477 U.S. at 322-23. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir.1999).

III. *Undisputed Facts*

For purposes of the instant Motion, the undisputed facts are very simple. Plaintiff has previously been convicted of mail fraud, which he admits is a felony. Docket No. 1, p. 2. Plaintiff wishes to purchase and possess a gun and a box of ammunition that have traveled in interstate commerce.FN2 Docket No. 11, p. 3. Plaintiff further admits that the statutes at issue "were passed prior to, and in effect at the time the Plaintiff committed mail fraud...." *Id.,* p. 6.

> FN2. Plaintiff's statement in his Response that he wishes to purchase a gun and a box of ammunition that have not traveled in interstate commerce is a fact not material to the disposition of this case. Neither of the challenged statutes applies to firearms that have not traveled in interstate commerce.

IV. *Analysis*
A. *Standing with regard to § 922(d)(1)*

Plaintiff first challenges the constitutionality of 18 U.S.C. § 922(d)(1), which states as follows:

(d) It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 519393 (M.D.Tenn.)
**(Cite as: 2006 WL 519393 (M.D.Tenn.))**

(1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year....

Plaintiff states in his Complaint that 18 U.S.C. § 922(d)(1) "makes it illegal for a licensed firearms dealer to sell firearms to a previously adjudicated non-violent felon...." Plaintiff never avers in his Complaint, however, or anywhere else in the record, that he is a licensed firearm dealer or a person who wishes to sell or otherwise dispose of a firearm or ammunition to any person, knowing or having reasonable cause to believe that such person is a convicted felon.

Plaintiff does state that he wishes to buy one used gun and one box of ammunition, which have traveled in interstate commerce, from a person who is not a licensed gun dealer. Docket No. 11, p. 3. But Plaintiff never makes the argument that, because he is a convicted felon who wishes to purchase a firearm, he is attempting to (or has standing to) assert the rights of a person who might wish to sell him a firearm.

In its supporting Memorandum, Defendant notes that Plaintiff, in his Complaint, has demonstrated no standing, particularly with regard to his challenge to the constitutionality of § 922(b)(1).

Because Plaintiff invokes federal jurisdiction, he has the burden of establishing the elements of standing. *Lujan v. Defenders of Wildlife,* 405 U.S. 555, 561-62 (1992). While the standing issue can be a complex one in certain circumstances, the concept of standing generally requires that the party invoking the Court's jurisdiction must show that he personally has suffered some actual or threatened injury as a result of the allegedly illegal conduct of the Defendant. *See* Moore's Federal Practice 3d § 101.40[1], p. 101-28.2 through 101-29. As a general rule, "a litigant must assert his or her own legal rights and interest, and cannot rest a claim to relief on the legal rights or interests of third parties." *Id.* at § 101.51[3][a], p. 101-88.

**\*4** Plaintiff has not shown that he has standing to challenge the constitutionality of 18 U.S.C. § 922(d)(1). Thus, the undersigned will recommend that Plaintiff's claims with regard to 18 U.S.C. § 922(d)(1) be DISMISSED WITHOUT PREJUDICE.

### B. Plaintiff's claims regarding § 922(g)(1)

Section 922(g)(1) provides in pertinent part as follows:

It shall be unlawful for any person-

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

...

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

#### 1. Ex Post Facto/Bill of Attainder

Plaintiff first argues that § 922(g)(1) is an ex post facto law or a bill of attainder, which is prohibited by Art. 1, Sec. 9 of the Constitution, which states "no bill of attainder or ex post facto Law shall be passed."

Black's Law Dictionary defines "ex post facto law" as follows: "A law that applies retroactively, esp. in a

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

way that negatively affects a person's rights, as by criminalizing an action that was legal when it was committed." Additionally, Black's defines "bill of attainder" as: "A special legislative act prescribing capital punishment, without a trial, for a person guilty of a high offense such as treason or a felony."

Plaintiff argues that § 922(g)(1) prohibits "non-violent felons from doing something that would otherwise be legal and is legal for the other citizens." More on point, Plaintiff states as follows:

> The Plaintiff contends, that although [922(g)(1) was] passed prior to, and in effect at the time the Plaintiff committed mail fraud, [it is] still ex post facto, and [is] worse than the ordinary thought of ex post facto laws, in that [it serves] to give the Defendant the same ability to perform the identical conduct which is prohibited by the ex post facto prohibition of Art. 1, Sec. 9 of the Constitution, but in a more surreptitious manner.

Docket No. 11, p. 6.

Thus, Plaintiff admits that the statute in question is not, in fact, an ex post facto law, but is merely similar to ex post facto laws (and has a worse effect). While Art. I, Sec. 9 of the Constitution prohibits ex post facto laws, it plainly does not prohibit laws that are "similar" to ex post facto laws.

Moreover, Plaintiff never explains exactly how § 922(g) constitutes a bill of attainder.

Several federal courts have held that § 922(g) is not an ex post facto law or a bill of attainder. *See Swartz v. Mathes,* 291 F.Supp. 861, 865-69 (N.D.Iowa 2003) (citing cases). Courts have also held that § 922(g)(1) is not an unconstitutional bill of attainder because it does not determine guilt or remove the protections of a trial. *See, e.g., U.S. v. Stauffer,* 1998 U.S.App. LEXIS 17632 (9th Cir.1998), *cert. denied* 1999 U.S. LEXIS 402.

**\*5** In *U.S. v. Hemmings,* 258 F.3d 587 (7th Cir.2001), the Court explained that § 922(g)(1) is not an ex post facto law, stating in part, "A law is not retroactive simply because it 'draws upon antecedent facts for its operation.' " 258 F.3d 594, *citing Cox v. Hart,* 260 U.S. 427, 435, 43 S.Ct. 154, 67 L.Ed. 332 (1922). The *Hemmings* Court also held that § 922(g) is not a bill of attainder which, the Court stated, would be "a law that legislatively determines guilt and inflicts punishment upon an individual without provisions of the protections of a judicial trial." *Id.* at 594-95, *citing Nixon v. Adm'r of General Services,* 433 U.S. 425, 468, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977). As the *Hemmings* Court noted, "The statute does not determine guilt based upon a previous felony conviction, nor does it remove the protections of a trial." *Id.* at 595.

Although Plaintiff correctly points out that the Sixth Circuit has not ruled on these precise issues, the Court has no reason to believe that the Sixth Circuit would disagree with these conclusions.

*2. Article III/Separation of Powers*

Plaintiff next argues that § 922(g) violates Article III of the Constitution. Article III of the Constitution vests the judicial power of the United States in one Supreme Court and in such inferior courts as the Congress may from time to time ordain and establish. In his opposition, Plaintiff explains that § 922(g) was crafted by Congress to pertain only to persons already "adjudicated" by the courts. Docket No. 11, p. 7. Thus, Plaintiff contends that § 922(g) exceeds punishment handed down by the courts, and it serves "only as a punishment." Plaintiff argues that, because this "punishment" is handed down by Congress, it "inhibits the authority of the judicial branch," and it "exceeds Congress' authority under Article II [*sic* ]."[FN3] *Id.*

FN3. While Plaintiff cites Congress' authority under "Article II," Plaintiff presumably intends to refer

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

to Article I, which governs the Congress. Article II pertains to the executive power of the United States.

Congress unquestionably has the authority, under Article I of the Constitution, to enact laws, including criminal laws. One of the functions of a criminal law is punishment. To the extent Plaintiff argues that Congress cannot pass criminal laws, such as § 922(g), Plaintiff's argument has no merit whatsoever.

Moreover, Plaintiff's argument appears to be based upon the faulty premise that, once a court has punished a Defendant for the underlying felony offense, neither the courts nor the Congress can punish that Defendant for a separate crime. Although it is somewhat unclear, Plaintiff apparently argues that he is being punished solely for his status as a convicted felon. This argument, however, ignores the fact that Plaintiff cannot be charged under § 922(g)(1) unless he commits a separate crime-the crime of possessing a firearm. As the Seventh Circuit has noted, § 922(g) "does not punish a person solely for his or her status as a convicted felon." *U.S. v. Jester,* 139 F.3d 1168, 1170 (7 th Cir.1998).

### 3. Second Amendment

Plaintiff next argues that § 922(g)(1) violates the Second Amendment. Plaintiff attaches to his Memorandum and refers to an "exhaustive 104 page memo detailing the history of the Second Amd. and why it is an individual right." That "Memorandum Opinion for the Attorney General," however, has nothing to do with § 922(g)(1).

**\*6** Plaintiff also refers to "the Emerson case," which has been cited by Defendant, for the proposition that the right to bear arms under the Second Amendment is an individual right and not a collective right. Docket No. 11, p. 8. Defendant did cite *U.S. v. Emerson,* 270 F.3d 2003 (5 th Cir.2001), in which the Fifth Circuit held that the Second Amendment protects individual Americans in their rights to keep and bear arms whether they are not a member of a select militia or performing act of military service or training. *Emerson,* however, also stated that such rights are not unlimited, and the *Emerson* Court specifically stated, "As we have previously noted, it is clear that felons, infants and those of unsound mind may be prohibited from possessing firearms." *Id.* at 261. In fact, *Emerson* held that § 922(g)(8), which prohibits a person subject to a state court Order of Protection from possessing a firearm, is not an unconstitutional violation of the Second Amendment.

Thus, Plaintiff's arguments concerning the Second Amendment are unconvincing.

### 4. Fifth Amendment

Plaintiff next argues that § 922(g)(1) violates the Fifth Amendment to the Constitution, which provides as follows:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when an actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall have private property be taken for public use, without just compensation.

Plaintiff states that he "has been denied life, liberty, or property without due process and without presentment or indictment of a grand jury and by having been placed twice in jeopardy." Docket No. 11, p. 8. Plaintiff also avers in his Complaint that § 922(g)(1) violates the Fifth Amendment "by denying substantive and procedural due process to those non-violent felons whose cases have been adjudicated and their sentences fulfilled to

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 519393 (M.D.Tenn.)
**(Cite as: 2006 WL 519393 (M.D.Tenn.))**

the satisfaction of the courts."

In *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), Defendant argued that he could not be convicted under federal statutes prohibiting convicted felons from possessing firearms because he was without counsel in the previous case in which he was convicted of a felony. The Supreme held that, in his prosecution for being a felon in possession of a firearm, he could not collaterally attack the underlying felony conviction. In the course of that decision, the Supreme Court stated in part:

> Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm.... This Court has recognized repeatedly that a legislature constitutionally may prohibit a convicted felon from engaging in activities far more fundamental than the possession of a firearm.

***7** 455 U.S. at 66. Moreover, the *Lewis* Court noted that the kind of legislative restrictions on the use of firearms in that case "are neither based upon constitutionally suspect criteria, nor do they trench upon any constitutionally protected liberties." *Id.* at 65 n. 8.

While Plaintiff does not fully develop his argument concerning substantive due process, the Court concludes that *Lewis* forecloses such an argument.

Additionally, Plaintiff's Complaint that § 922(g)(1) deprives him of procedural due process is foreclosed by *U.S. v. Baker,* 197 F.3d 211 (6th Cir.1999). *Baker* involved § 922(g)(8), which, as discussed above, prohibits a person subject to a state court Order of Protection from possessing a firearm. Defendant in *Baker* claimed that the statute provided insufficient procedural due process, because the civil proceeding by which he was made subject to a domestic violence protection order did not afford him the constitutional safeguards associated with a criminal prosecution. Defendant in *Baker* also argued that, because his status as a person subject to a domestic violence protection order constituted the basis of his federal criminal prosecution, the proceeding by which he attained that status must provide the same procedural safeguards as a criminal prosecution.

The Sixth Circuit disagreed, stating in part as follows:

> The fact that [defendant's] status makes him criminally liable for possessing a firearm does not imbue the process by which he attained that status with constitutional significance. Indeed, a legally-relevant status under § 922(g) may arise in the absence of any formal proceeding. For example § 922(g)(3) prohibits an individual addicted to controlled substances from possessing a firearm, yet an individual attains the status of a drug addict without a court proceeding of any kind.

> Moreover, even when a particular status arises from a formal proceeding, the nature of that proceeding has no effect on the constitutionality of a § 922(g)(8) prosecution. In *Lewis v. United States,* the United States Supreme Court upheld a defendant's conviction under a law that prohibited convicted felons from possessing firearms, even though the defendant's underlying conviction appeared constitutionally infirm ... The Court recognized that although the defendant may have been unlawfully convicted, the defendant was nevertheless a convicted felon and thus subject to the plain terms of the statute.

> The Supreme Court's reasoning in *Lewis* is instructive. Regardless as to how [defendant] became subject to a domestic violence protection order, he attained that status and thus must comply with § 922(g)(8). A jury, after a criminal trial featuring all the required constitutional safeguards, found [defendant] had failed to do so.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 519393 (M.D.Tenn.)
**(Cite as: 2006 WL 519393 (M.D.Tenn.))**

Finding that [defendant] received all the process he was due, we affirm the district court's rejection of [defendant's] procedural process claim.

197 F.3d at 216-17.

**\*8** Although it is somewhat unclear, Plaintiff may also be attempting to raise an equal protection challenge to § 922(g)(1). While the Fifth Amendment does not specifically mention "equal protection," the Supreme Court has held that the due process clause of the Fifth Amendment encompasses an equal protection guarantee. *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). *See also Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). To the extent Plaintiff claims that § 922(g)(1) violates his right to equal protection, that argument is similarly foreclosed by *Baker,* which held that § 922(g)(8) does not deny equal protection based on a claim of selective prosecution.

Additionally, in *United States v. Davis,* 2001 U.S.App. LEXIS 27429, the Sixth Circuit rejected an equal protection challenge to § 922(g). In *Davis,* Plaintiff argued that he should not be considered a convicted felon under § 922(g)(1), because he received either probation or a relatively short sentence for his previous felonies. In response to this argument, the *Davis* Court stated as follows:

The Defendant also insists that the increased punishment to which he was later subjected as a result of his relatively short prior sentences constitutes a violation of the equal protection clause of the federal constitution. Because no suspect classification or fundamental right is involved in such an analysis, we must examine *Davis'* claim only under the relatively deferential rational basis review standard....

"Because Plaintiff bears the burden of demonstrating that no rational basis exists for the statute, any conceivable basis is sufficient to sustain it, even if there is no indication that the suggested rational actually motivated the legislature in enacting it." ...

As noted by the government, there is just such a rational explanation for treating felons with probationary sentences more harshly than misdemeanants with lengthier actual prison sentences. Even though a sentence imposed after a felony conviction may entail little or no incarceration, lawmakers are justified in later imposing more severe punishments upon those individuals who once committed offenses considered sufficiently serious that they were at least subjected the possibility of long-term incarceration. This issue is thus without merit.

2001 U.S. App LEXIS 27429 at ----7.

Additionally, several other Circuits have rejected equal protection challenges to § 922(g)(1) or other statutes prohibiting certain classes of people from possessing firearms. *See, e.g., United States v. Walker,* 930 F.2d 789, 795 (10th Cir.1991); *United States v. Wynde,* 579 F.2d 1088 (8th Cir.1978); *United States v. Toner,* 728 F.2d 115 (2nd Cir.1984); *United States v. Sherbondy,* 865 F.2d 966 (9th Cir.1988).

Once again, Plaintiff apparently argues that his "punishment" was completed when he was sentenced for his previous felony conviction, and that he cannot be punished any further for that conviction. As discussed above, however, even if Plaintiff were to be charged under § 922(g)(1), that would be a separate criminal offense from the previous felony conviction for mail fraud. Thus, there is no double jeopardy issue. Additionally, if Plaintiff were charged under § 922(g)(1), he would have the right to indictment by a Grand Jury concerning that offense.

**\*9** Plaintiff also argues that, despite the prohibitions of § 922(g)(1), he can still possess a gun and ammuni-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion that have not traveled in interstate commerce. He argues that intrastate guns and ammunition are no less dangerous than interstate guns and ammunition. While Plaintiff's underlying point may be true, it is irrelevant. Congress does not have the power to regulate purely intrastate commerce. See *American Trucking Ass'n v. Michigan Public Service Comm'n,* --- U.S. ----, 125 S.Ct. 2419, 162 L.Ed.2d 407, 412-13 (2005). It is, therefore, not surprising that Congress has not done so. Presumably, if Congress had the power to do so, it would criminalize a convicted felon's possession of firearms that had traveled only in intrastate commerce.

*5. Sixth Amendment*

Plaintiff next argues that § 922(g)(1) violates the Sixth Amendment to the Constitution, which provides for jury trials in criminal prosecutions. In his Complaint, Plaintiff claims that the statute denies non-violent felons, whose cases have already been adjudicated and their sentences have been fulfilled to the satisfaction of the courts, from having a trial by an impartial jury prior to having their rights further infringed by the government. Docket No. 1, p. 4. In its supporting Memorandum, Defendant argues, "This cause of action fails for the reason and arguments made above. Plaintiff demonstrates no point in the process where he was entitled to a jury trial and that right was denied."

In his Opposition, Plaintiff argues as follows:

We go back to *Cummings v. Missouri,* 4 Wall. 277, 71 U.S. 277, 18 L.Ed. 356 (1866). The deprivation of plaintiff's civil rights for past conduct is punishment and can be in no otherwise described [*sic* ].

In *Apprendi v. New Jersey,* 520 U.S. 426 (2000) the U.S. Supreme Court held that sanctions beyond the statutory maximum must be considered by a jury.

The sanctions of [922(g) ] did exceed the maximum statutory sanctions imposed by the mail fraud statute, were not heard by a jury, and do violate the Sixth Amendment.

Docket No. 11, p. 10-11.

Plaintiff's argument on this point is frivolous. Plaintiff again appears to argue that he is being punished for his status as a convicted felon. That is simply not the case. If Plaintiff were charged with a violation of § 922(g)(1), which he is not, he would be entitled to a trial by jury.

*6. Eighth Amendment*

Plaintiff next argues that § 922(g)(1) violates the Eighth Amendment's prohibition against cruel and unusual punishment. In support of this argument, Plaintiff cites *Trop v. Dulles,* 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). Plaintiff argues as follows:

[*Trop* ] is a case in which an Army deserter lost his nationality upon conviction of desertion by a military tribunal. The U.S. Supreme Court held that the military tribunal had no such authority under the Constitution and violated the Eighth Amendment. In the case before this court, the plaintiff argues that the loss of his civil rights under [922(g) ] is the same loss of rights in which the U.S. Supreme Court found unconstitutional in [ *Trop* ].

**\*10** Docket No. 11, p. 11. Plaintiff also cites a statement of the *Trop* Court that, "Use of denationalization as a punishment is barred by the Eighth Amendment."

*Trop,* however, had absolutely nothing to do with § 922(g)(1), and it is not analogous to the case at bar in

Not Reported in F.Supp.2d, 2006 WL 519393 (M.D.Tenn.)
**(Cite as: 2006 WL 519393 (M.D.Tenn.))**

any respect. As the *Trop* Court stated, the question before it was "Whether the Constitution permits the Congress to take away citizenship as a punishment for crime." 356 U.S. at 99. After noting that the application of the statute would render a convicted deserter "stateless", the *Trop* Court stated in part as follows:

> We believe ... that use of denationalization as punishment is barred by the Eighth Amendment. There may be involved no physical mistreatment, no primitive torture. There is instead the total destruction of the individual's status in organized society. It is a form of punishment more primitive than torture, for it destroys for the individual the political existence that was centuries in the development. The punishment strips the citizen of his status in the national and international political community. His very existence is at the sufferance of the country in which he happens to find himself. While any one country might accord him some rights, and presumably as long as he remained in this country he would enjoy the limited rights of an alien, no country need to do so because he is stateless. Furthermore, his enjoyment of even the limited rights of an alien might be subject to termination at any time by reason of deportation. In short, the expatriate has lost the right to have rights.
>
> 356 U.S. at 101-02 (footnote omitted).

The situation presented in *Trop,* therefore, is not remotely similar to the situation of a previously convicted felon who loses the right to possess firearms.

### 7. Tenth Amendment

Finally, Plaintiff argues that § 922(g)(1) violates the Tenth Amendment, which provides:

> The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people.

The basis for Plaintiff's Tenth Amendment argument is his position that, when Congress passed § 922(g)(1), it exceeded its authority under the commerce clause. The commerce clause, which is part of Art. I, Sec. 8, provides that Congress has the power "[t]o regulate commerce with foreign nations, and among the several states, and with the Indian tribes...." Plaintiff relies upon *U.S. v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).

Once again, however, Plaintiff's are foreclosed by Sixth Circuit precedent. In *U.S. v. Haire,* 2004 U.S.App. LEXIS 4183, the Sixth Circuit rejected an argument that § 922(g) was unconstitutional based upon *Lopez.* As the Sixth Circuit stated, in both *Lopez* and *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), the Supreme Court's constitutional analysis relied on the absence of a statutory jurisdictional element establishing that the federal cause of action is in pursuance of Congress' regulation of interstate commerce. 2004 U.S.App. LEXIS 4183 at ----16. The *Haire* Court noted, however, that there was such an element involved in § 922(g). The *Haire* Court further stated as follows:

> **\*11** Furthermore, in *United States v. Chesney,* 86 F.3d 564 (6th Cir.1996)-a post-*Lopez* decision-a panel of this court rejected a *Commerce Clause* challenge to 18 U.S.C. § 922(g).... Not only did the court find that 18 U.S.C. § 922(g) was facially constitutional, but it also found that it was constitutional when applied to a defendant whose possession of a gun was connected to interstate commerce only by the fact that the gun had previously moved in interstate commerce.... We explained that *Lopez* did not disturb the Supreme Court's precedents which indicate that a firearm that has been transported at any time in interstate commerce has a sufficient effect on interstate commerce to allow Congress to regulate the possession of that firearm pursuant to its *Com-*

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

*merce Clause* powers.

*Id.* (citations omitted).

Thus, because Congress had the power under the commerce clause to enact § 922(g)(1), Plaintiff's Tenth Amendment argument also fails.

IV. *Recommendation*

For the foregoing reasons, the undersigned concludes that there is no genuine issue as to any material fact, and that Defendant is entitled to a judgment as a matter of law with regard to Plaintiff's claims concerning § 922(g)(1). The undersigned, therefore, recommends that Plaintiff's claims with regard to § 922(g)(1) be DISMISSED WITH PREJUDICE.

Additionally, for the reasons stated above, the undersigned concludes that Plaintiff has no standing to raise the issues he has attempted to raise with regard to § 922(d)(1). Thus, the undersigned recommends that Plaintiff's claims with regard to that statute be DISMISSED WITHOUT PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986).

M.D.Tenn.,2006.
Wilson v. U.S.
Not Reported in F.Supp.2d, 2006 WL 519393 (M.D.Tenn.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.