# FFL NEWSLETTER 

**SEPTEMBER 1999**  **ISSUE II**

**FEDERAL FIREARMS LICENSEE INFORMATION SERVICE
PROVIDED BY THE U.S. DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
WASHINGTON, DC**

## NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM (NICS) AND THE BRADY HANDGUN VIOLENCE PREVENTION ACT (BRADY)

This FFL Newsletter is dedicated to providing information specific to NICS and the Brady Act, and is a joint presentation by the Bureau of Alcohol, Tobacco and Firearms (ATF) and the Federal Bureau of Investigation (FBI).

**NOTE:**
The following information pertains to the Gun Control Act and is provided by ATF. Any questions or comments should be addressed to that agency.

## NICS ENROLLMENT BY LICENSEES

Recently ATF mailed survey information to licensees who have not enrolled with the FBI to conduct NICS checks. These licensees are located in States where some, but not necessarily all, licensee transactions would be through the FBI rather than a State Point of Contact (POC). Many of you have already responded to our survey, for which we thank you.

Most transfers of firearms by licensees to unlicensed individuals are subject to the requirement for a background check under the Brady law. This is a reminder that transfers of firearms without completion of the required NICS check may subject a licensee to revocation, denial, or suspension of his or her FFL, as well as civil fines and/or criminal prosecution. Licensees who make transfers of firearms that are subject to the requirement for a background check must be registered with the FBI or a State POC. In order to register with the FBI, you should call the NICS Operations Center at
1-877-FBI-NICS (1-877-324-6427).

## ATF FORM 4473 COMPLETION AND NICS CHECKS

Licensees are advised that Section A of the ATF Form 4473 **MUST** be completed **PRIOR** to the initiation of the NICS check by the potential transferee. 27 CFR § 178.102(a) requires the licensee to contact NICS or the State POC prior to selling, transferring, or delivering a firearm to a nonlicensed individual, apart from the exceptions provided for in § 178.102(d). Furthermore, 27 CFR § 178.102(b) requires the licensee to record the NICS or POC transaction number on the ATF Form 4473 when such number is received.

FFLs must keep a copy of each ATF Form 4473 for which a NICS check has been initiated, regardless of whether the transfer of the firearm was completed. If the transfer is not completed, the FFL must keep the Form 4473 for 5 years after the date of the NICS inquiry. If the transfer is completed, the FFL must keep the Form 4473 for 20 years after the date of the sale or disposition. See 27 CFR § 178.129. If the licensee discontinues business, all of these records must be submitted to the ATF Out of Business Records Center.

Licensees may initiate NICS checks only with respect to the proposed transfer of a firearm. Any other use of NICS is an abuse of the NICS system and may lead to discontinuance of your NICS

privileges. If your NICS system access gets denied, you will no longer be able to make dispositions of firearms to nonlicensed individuals, other than those exempt from the NICS checks requirements.

Licensees are reminded that the NICS check does not absolve the prospective purchaser from his or her responsibility to truthfully answer all questions on the Form 4473. ATF is aware that in some cases, licensees have advised prospective purchasers that if they are uncertain as to whether they are prohibited from receiving firearms, they should answer "no" to questions 9b through 9k on the Form 4473, and wait for the licensee to get the results of the NICS check. This advice may result in violations of Federal law.

Falsification of answers on the ATF Form 4473 is a felony under the GCA. You as a licensee may be aiding and abetting a felony by advising the purchaser to answer "no" to a question on the Form 4473 where the purchaser has reason to believe that the answer should be "yes."

Licensees should never advise a purchaser to answer "no" to a question on the Form 4473 where the purchaser is uncertain of the answer. The transferee must fill in Section A of the Form 4473 in his or her own handwriting and must honestly and completely answer all questions in Item 9. If any doubt arises as to the prohibited status of the transferee, the prospective purchaser should be advised to contact ATF for a determination of whether he or she is prohibited from receiving firearms.

Some licensees have asked ATF whether an "proceed" response from NICS means that they may go ahead and transfer a firearm to a person who has indicated on the Form 4473 that he is prohibited. If the prospective purchaser answers "yes" to any of the questions in 9b through 9k, the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

## SALES TO LAW ENFORCEMENT OFFICERS

Transfers of firearms to law enforcement officials for their official use are exempt from the provisions of the Brady law when the transaction complies with the conditions set forth in the regulations at 27 CFR 178.134. In general, the purchaser must provide a certification on agency letterhead, signed by a person in authority within the agency (other than the officer purchasing the firearm), stating that the officer will use the firearm in official duties, and that a records check reveals that the purchasing officer has no convictions for misdemeanor crimes of domestic violence. If these conditions are met, the purchasing officer is not required to complete a Form 4473 or undergo a NICS check. However, the licensee must record the transaction in his or her permanent records, and retain a copy of the certification letter.

Licensees are reminded that if a law enforcement officer does not present a certification letter that meets the standards set forth in the regulations, then he or she must complete a Form 4473, and a NICS check **must be completed** prior to the transfer. In addition, you should verify that transfers to law enforcement officers are in compliance with State and local law.

In the case of an officer who acquires a firearm without the official certification letter, the transfer should be completed in the same way as any other transfer to an unlicensed purchaser. It is not sufficient to simply record the badge number of the officer on the ATF Form 4473 without completing a NICS check. Furthermore, as with any over-the-counter transaction, the officer must present an identification document.

## REQUIRED IDENTIFICATION DOCUMENT

Under the permanent provisions of Brady, licensees are required to identify the nonlicensed transferee by examining a government-issued identification document that contains the name, residence address, date of birth, and photograph of the holder. This requirement applies to all over-the-counter transfers. See 18 U.S.C. § 922(t)(1)(C), 27 CFR § 178.124(c)(3)(i), and 27 CFR § 178.11)

Questions have been raised about persons whose State-issued driver's license or identification document contains an incorrect address. For instance, the person has moved and has not obtained a new document reflecting this new address. A combination of documents may be used to obtain the required information; however, each document must be **government-issued and valid**. Thus, if the person has a valid driver's license that contains the name, date of birth, and photograph, along with a vehicle registration issued by the State indicating a current address, this documentation would comply. Of course, the driver's license must be <u>valid</u>. If State law causes the license to be invalid due to an incorrect address, then the license may not be used for identification purposes. The licensee must note the type of documents used, including the government entity issuing the document, and any document number, if available. Some possible examples include: vehicle registrations, city-owned recreation/swimming pool identification cards, government-issued licenses for activities such as hunting or fishing, etc. The document must have been issued by the government entity for the purpose of identification of the individual and be valid.

ATF has been asked whether firearms purchasers may be exempted from the requirement for an identification document with a photograph based on religious objections. The Brady law does not provide for such an exemption. All over-the-counter transfers are subject to the photo identification requirement.

## ATF FORM 4473 COMPLETION ERRORS AND NICS

Recent inspections by ATF inspectors have disclosed errors and/or discrepancies between the ATF Form 4473 and the information that was provided by the FFL for completion of the NICS check. It is especially important to ensure that accurate information is provided on the NICS check. Incorrect information may lead to a prohibited person obtaining a firearm. Please make sure to provide accurate information identifying the transferee, reflecting the information that was **verified on the transferee's identification document(s).**

Some examples of possible problems are as follows:
*(Fictitious representations)*

<u>**Switching the name order: Last, First, Middle**</u>
Transferee's name used to conduct the NICS check:

*William, Howard Henry*

True transferee's name on identification document:

*Howard, Henry William*

<u>**Transposing date of birth:**</u>
Date of birth used to conduct NICS check:

10/11/54

True date of birth on identification document:

10/11/45

## NICS AND THE 3-DAY WAIT

The 3-day wait on a delayed NICS response begins the day after NICS was contacted, and disposition may occur the day after the three days have elapsed. Therefore, if you contact NICS on Monday and receive a delayed response, Tuesday, Wednesday, and Thursday would be the three days you must wait. Disposition of the firearm may then occur on Friday. The three days must be business days that State offices are open.

## NICS AND POTENTIAL "STRAW TRANSACTIONS"

ATF has received reports from FFLs about a would be firearm purchaser who has the same address as someone who was denied a firearm during a preceding day's NICS check. Should you notice this situation, please advise the person to carefully read question 9a of the ATF Form 4473, and the corresponding instructions. (See important notice 1 of form's instructions.)

If you notice such a sale is occurring, please immediately contact your nearest ATF office.

## NICS AND COLLECTORS OF CURIO AND RELIC FIREARMS

Transfers of curio or relic firearms made by licensed collectors are not subject to the requirements of the Brady law. Furthermore, the Brady law does not apply to the transfer of a curio or relic firearm to a licensed collector. However, a licensed collector who acquires a firearm other than a curio or relic firearm from a licensee would be treated like any other nonlicensee, and the transfer would be subject to the requirements of the Brady law.

## LICENSEE FINES, SUSPENSION, AND/OR REVOCATION FOR NICS VIOLATIONS

For most administrative actions involving violations of the GCA, ATF must show the licensee has willfully violated this act. When it is demonstrated that the licensee willfully violated provisions of the GCA, revocation or denial of the license is the only administrative recourse. However, 18 U.S.C. § 922(t)(5) provides that a firearms licensee who transfers a firearm and knowingly fails to comply with the Brady law, in a case where compliance would have revealed that the transfer was unlawful, is subject to license suspension or revocation, and a civil fine of not more than $5,000 for each violation.

## SPECIAL NOTICES:

· Have you moved recently and failed to notify us? Or has your mailing address changed, and we are unaware? Be certain you provide any address changes to the ATF National Licensing Center (NLC) at 1-404-679-5040. Those licensees who fail to so notify the NLC may have their licenses revoked.
· Going out of business, or have you recently gone out of business? All required records must be submitted to ATF upon discontinuance of business. You may contact the National Tracing Center at 1-800-788-7133 if there are any questions.



# NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM (NICS) NEWS

**NOTE:** The following information is provided to you as a service by the FBI-NICS Operation Center. Any questions or comments pertaining to this information should be directed to the NICS Customer Service Center at 1-877-444-NICS.

The Federal Bureau of Investigation (FBI) created, under the direction of the Attorney General, the National Instant Criminal Background Check System (NICS) Operations Center to manage, operate, and support background checks initiated by Federal Firearm Licensees (FFLs). The Operations Center conducts NICS background checks by reviewing and interpreting records to determine whether the transfer of a firearm to an individual may violate state or federal law. The staff at the Operations Center also enters and updates records in the NICS Index which is a newly created database that contains disqualifiers under the Brady Law. The Operations Center also provides technical and operational support to users, provides customer service to FFLs and state points of

contact, processes appeals of denied transactions, and prepares management and statistical reports on the operation of NICS. The FBI has handled approximately 1,996,104 requests for NICS background checks from its inception on November 30, 1998 through May 26, 1999. There have been 1,912,977 proceeds and 42,647 denials during this time.

The NICS is in operation from 8:00 am to 1:00 am (EDST), 7 days a week, except Thanksgiving Day and Christmas Day. FFLs may contact the NICS Operations Center by telephone via a toll-free number 1-877-FBI-NICS to initiate a background check. The NICS Customer Service Center is available at a toll-free number, 1-877-444-NICS.

The NICS program maintains up-to-date information through an FBI web site. The address is: http://www.fbi.gov/programs/nics/index.htm. Questions or concerns can be addressed on the Law Enforcement Online (LEO) http://www.a_nics@leo.gov.

**NICS EFFECTIVENESS**
The average talk time (ATT) is the amount of time that it takes the FFL to process a NICS check. The monthly average has been decreased from 3 minutes, 15 seconds in December 1998 to 2 minutes 33 seconds, in May 1999.

| TREND DATA FOR AVERAGE TALK TIME | | |
|---|---|---|
| *Month* | | *Monthly Average Time* |
| December | 1998 | 3 Minutes 15 seconds |
| January | 1999 | 3 Minutes 2 seconds |
| February | 1999 | 2 Minutes 49 seconds |
| March | 1999 | 2 Minutes 44 seconds |
| April | 1999 | 2 Minutes 37 seconds |
| May | 1999 | 2 Minutes 33 seconds |

Please note below the chart for immediate proceeds and total transactions. Immediate proceeds are transactions that enable the FFL to transfer the firearm after the initial call.

| *Month* | *Federal Immediate Proceeds* | *Federal Total Checks* | *%Immediate Proceeds\** |
|---|---|---|---|
| Dec. 98 | 365,342 | 506,554 | 72.71% |
| Jan. 99 | 193,110 | 275,486 | 71.31% |
| Feb. 99 | 234,936 | 326,676 | 72.51% |
| Mar. 99 | 258,176 | 353,509 | 73.58% |
| Apr. 99 | 224,193 | 305,584 | 73.87% |
| May 99 | 193,558 | 264,536 | 73.94% |
| **TOTAL TO DATE** | **1,469,315** | **2,032,345** | **72.98%** |

\*This percentage takes into account transactions that were cancelled.

· Eighty percent of all delays are resolved within ten minutes to one hour. The remainders (20%) are hits against III records, where a potential purchaser has a felony arrest without a disposition. This type of case requires additional research to obtain the final disposition.

*WHAT IS A DELAY RESPONSE?*
*A DELAYED RESPONSE DOES NOT MEAN THE PERSON IS DENIED.*

When a **_DELAY_** response is received, this indicates that information supplied by the prospective firearms purchaser has been identified with some information contained in the National Crime Information Center (NCIC) database which contains information on wanted persons; the Interstate Identification Index (III) database which contains criminal history records; and the NICS Index which contains prohibited persons as outlined in the Brady Act, such as individuals who have received dishonorable discharges from the armed services, individuals who have renounced their citizenship, mental defectives, illegal/unlawful aliens and others. This requires that a NICS examiner review these records to determine

| SEPTEMBER 1999 | FFL NEWSLETTER | ISSUE II |
|---|---|---|

whether information provided by the prospective firearms purchaser is in fact identical with the record contained in NICS. Sometimes complete information is not available. For instance, there can possibly be arrest information without a corresponding disposition. This requires the examiner to contact the arresting agency, the court or the state bureau to request the disposition information needed to determine whether the firearm transfer can proceed or must be denied. In these instances, the Brady Law allows up to three business days to attempt to obtain this information prior to the FFL being allowed to transfer the firearm.

A **_DENIAL_** response indicates that the individual attempting to purchase a weapon or a person with a similar name and/or similar descriptive features (name, sex, race, date of birth, state of residence, social security number, height, weight or place of birth) has been matched with one or more of the following prohibitive criteria:

- Convicted of/under indictment for a crime punishable by imprisonment for a term exceeding one year, whether or not sentence is imposed (generally called "convicted felon");
- Persons who are fugitives from justice;
- An unlawful user and/or an addict of any controlled substance;
- Adjudicated mental defective or involuntarily committed to a mental institution;
- An alien illegally/unlawfully in the United States;
- Dishonorable discharge from the United States armed forces;
- Individuals who have renounced their citizenship;
- The subject of a protective order;
- Convicted of a misdemeanor crime of domestic violence;
- Persons previously denied the right to purchase a firearm based on Federal law;
- Juveniles pursuant to state and/or Federal laws.

This criteria is contained in one of the three databases accessed by NICS as indicated above. Information is continually added or deleted from these files to reflect current status; therefore,

results of NICS checks can change with each query of the system. Voluntarily providing additional descriptive information, such as a social security number, could benefit a prospective buyer by helping distinguish the purchaser from another person with a similar name who may have disqualifying records.

If an individual wishes to appeal a denial, the FFL may provide the denied purchaser a brochure provided by the FBI that allows the FFL to include the NICS transaction number. Additional brochures are available upon request by contacting the NICS Customer Service Center. When filing an appeal, a written request must be forwarded to NICS. NICS, in turn, must provide the individual an initial written response with the reasons for the denial within five business days of the receipt of the request. Individuals who believe they have been wrongly denied, may: 1) submit an appeal to the agency which created the record, 2) direct a challenge to the FBI in writing regarding the accuracy of the record, or 3) bring an action against the state or political subdivision responsible for providing the erroneous information or against the United States.

## ✍ NICS NOTES ✍

· Background checks must be initiated by FFLs and their representatives only. To protect against unauthorized use of the NICS, you must validate your FFL number and designated code word before a background check can be initiated. It is also mandatory to validate your FFL number and code word before being provided a final status on delayed transactions. For this reason, the NICS Program Office is not authorized to disclose the status of transactions directly to your customers. In addition, customers should be provided the NTN number **only** when given a **denied** response by NICS for purposes of appealing the decision.
· To request ATF Form 4473, call ATF 703-455-7801.
· Remember – business days do NOT include weekends/holidays.
· Denials must be documented, not by phone, and the NTN number must be referenced.
· Please wait two hours after the initial check to

- call Customer Service for a status check.
- Appeals brochures were designed so they can and should be duplicated.
- Please do not give the purchaser the Customer Service phone number, hand he/she the phone, or give the NTN number when they are delayed.
- Law enforcement officers are exempt from the requirement for a NICS check if they are purchasing a duty weapon and show a letter from their commanding officer on official letterhead, stating that the firearm is for official use, and that a background check shows that the officer has no conviction for misdemeanor crimes of domestic violence.
- A NICS check is valid for 30 days for the purchase of the weapons listed on Form 4473 regarding layaways and orders for weapons. If the layaway or order is longer than 30 days, then another check must be performed. This check is only valid for that weapon. If they wish to make another purchase a day later, another check must be run.
- Remember – the toll-free number to NICS Customer Service for the general public is 1-877-444-NICS. The number FFLs use to request background checks is 1-877-FBI-NICS.
- Please have Form 4473 completed and your FFL number and codeword ready before placing a call to the Operations Center.
- The permanent provisions of the Brady law apply to any transfer of a firearm by a licensed importer, manufacturer, or dealer to a nonlicensee. This includes such dispositions of firearms for or at a nonprofit organization raffle by a licensee. It is *not* necessary to do a background check on each individual who purchases a raffle ticket, but *is* necessary on the raffle winner before the firearm is transferred.