IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JULIO SUAREZ,                                    )  Case. No. 14-CV-00968-WWC
                                                 )
        Plaintiff,                               )
                                                 )
        v.                                       )
                                                 )
ERIC H. HOLDER, JR., et al.,                     )
                                                 )
        Defendants.                              )
_____)


SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


Fact                                             Evidence

1.    Julio Suarez, residing in Gettysburg,       1.    Suarez Decl., ¶¶ 1, 2.
      Adams County, Pennsylvania, presently intends
      to purchase and possess a handgun and long gun
      for self-defense within his own home.

2.    Suarez is over the age of 21, is not under   2.    Suarez Decl., ¶ 3.
      indictment, has never been convicted of a felony
      or misdemeanor crime of domestic violence, is not
      a fugitive from justice, is not an unlawful user of
      or addicted to any controlled substance, has not
      been adjudicated a mental defective or committed
      to a mental institution, has not been discharged
      from the Armed Forces under dishonorable
      conditions, has never renounced his citizenship,
      and has never been the subject of a restraining order
      relating to an intimate partner.

3.    On June 26, 1990, Suarez was convicted by the  3.    Suarez Decl., ¶ 4; Exh. B.
      Montgomery County (Maryland) District Court
      of one misdemeanor count of carrying a handgun
      without a license, in violation of then-Md. Ann.
      Code art. 27, § 36B(b) (1990) ("Section 36B(b)").

| Fact | | Evidence | |
|---|---|---|---|
| 4. | Section 36B(b) was a misdemeanor punishable by up to three years imprisonment, but carried no mandatory minimum sentence. | 4. | Md. Ann. Code art. 27, § 36B(b) (1990). |
| 5. | Suarez had volunteered to the officers who stopped him that he had a gun. | 5. | Suarez Decl., ¶ 5. |
| 6. | Suarez was not convicted of any other offense arising from the 1990 incident. | 6. | Suarez Decl., ¶ 6. |
| 7. | Suarez was sentenced to one year probation, as well as 180 days imprisonment and a $500 fine, both suspended. | 7. | Suarez Decl., ¶ 7. |
| 8. | Suarez paid costs totaling $25 and successfully completed probation. | 8. | Suarez Decl., ¶ 7. |
| 9. | Apart from one 1998 misdemeanor conviction for driving under the influence, acquired after celebrating the sale of the company for which he then worked, Suarez has not since been convicted of any violation. | 9. | Suarez Decl., ¶ 7. |
| 10. | Suarez has been married for 20 years, and is in the process of successfully raising three children. | 10. | Suarez Decl., ¶ 8. |
| 11. | Suarez is an Elder in his local Presbyterian Church. | 11. | Suarez Decl., ¶ 8. |
| 12. | Suarez holds a "Secret" security clearance in connection with employment for a government contractor. | 12. | Suarez Decl., ¶ 8. |
| 13. | Suarez is an honorably discharged Army veteran, awarded the Army Commendation Medal as well as the Army Achievement Medal during his service. | 13. | Suarez Decl., ¶ 8; Exh. C. |
| 14. | Suarez graduated cum laude from Towson University, B.S. in Economics, Minor in Political Science. | 14. | Suarez Decl., ¶ 3 & Exh. A. |
| 15. | Suarez is a Certified Licensing Professional. | 15. | Suarez Decl., ¶ 3 & Exh. A. |

| Fact | Evidence |
|---|---|
| 16. In the 1990s, Suarez was much younger and less responsible than he is today. But while Suarez acknowledges that he made mistakes, he has never been an alcoholic, nor did he abuse alcohol on a regular basis at any time in his life, nor does he abuse alcohol today. Alcohol simply does not interfere with Suarez's life in any way, and it has not adversely impacted his life since the 1998 DUI conviction. | 16. Suarez Decl., ¶ 9. |
| 17. On August 31, 2009, the Court of Common Pleas of Adams County, Pennsylvania, granted Suarez's petition for removal of disqualification from owning or possessing firearms, pursuant to 18 Pa. C.S. § 6105(d)(3)(ii). | 17. Suarez Decl., ¶ 10; Exh. D; *Commonwealth* v. *Suarez*, Court of Common Pleas, Adams County, Penn., Crim. No. CP-01-MD-615-2009. |
| 18. Question 11(c) on ATF Form 4473 asks: "Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?" | 18. Exh. E; Firearms Transaction Record Part I–Over the Counter, available at www.atf.gov/files/forms/download/atf-f-4473-1.pdf (last visited Nov. 10, 2014). |
| 19. Defendants instruct firearm dealers to refrain from running a background check on anyone who answers yes to Question 11(c) on Form 4473, and simply to deny the purchase transaction on the basis of that answer. | 19. Exh. F; BATF FFL News-Letter, May, 2001, Issue I, at 14, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited Nov. 10, 2014); Exh. G, BATF FFL Newsletter, September 1999, Issue II, at 2, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-1999-09.pdf (last visited Nov. 10, 2014). |
| 20. Suarez desires and intends to possess firearms for self-defense and for defense of his family. | 20. Suarez Decl., ¶ 2. |

| Fact | Evidence |
|------|----------|

21. Suarez refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

21. Suarez Decl., ¶ 12; see also generally Defendants' Brief, asserting that Suarez is subject to 18 U.S.C. § 922(g)(1).

22. Suarez refrains from purchasing a firearm from a private party, because doing so would subject him to arrest, prosecution, fine, and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

22. Suarez Decl., ¶ 11; see also generally Defendants' Brief, asserting that Suarez is subject to 18 U.S.C. § 922(g)(1).

23. Considering Defendants' interpretation of federal law, Suarez is unwilling to state on Form 4473 that he has not, in fact, been convicted of a crime punishable by imprisonment for over one year.

23. Suarez Decl., ¶ 12.

24. Suarez suffers the on-going harm of being unable to obtain firearms, which he would, in fact, obtain but for Defendants' enforcement of Section 922(g)(1).

24. Suarez Decl., ¶¶ 10-12; Exhs. D, E, F, G; also see generally Defendants' brief, asserting that Suarez is subject to 18 U.S.C. § 922(g)(1).


Dated: November 13, 2014

By: /s/ Douglas Gould
Douglas Gould (PA Bar No. 78357)
Law Offices of Douglas T. Gould, P.C.
925 Glenbrook Avenue
Bryn Mawr, PA 19010
610.520.6181/Fax 610.520.6182
dgould@gouldlawpa.com

Respectfully submitted,

By: /s/Alan Gura
Alan Gura
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665
alan@gurapossessky.com

Attorneys for Plaintiff

I hereby certify that on this 13th day of November, 2014, I caused the foregoing to be served via electronic case filing, as follows:

DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: Daniel.Riess@usdoj.gov

/s/ Alan Gura
Alan Gura