IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO SUAREZ, | ) Case. No. 14-CV-00968-WWC |
| Plaintiff, | ) |
| v. | ) |
| ERIC H. HOLDER, JR., et al., | ) |
| Defendants. | ) |

COUNTER-STATEMENT OF FACTS IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| Alleged Fact | Response |
|---|---|
| 1. On the evening of February 9, 1990, police in Montgomery County, Maryland observed Plaintiff's vehicle fail to stop for a flashing red traffic signal. (Def. Mot. to Dismiss or for Summ. J. ('Def. Mot.'), Ex. 1). | 1. Irrelevant. Plaintiff is not denied a fundamental right for having failed to stop for a flashing red traffic signal on February 9, 1990. |
| 2. When Montgomery County, Maryland police officers pulled over Plaintiff's vehicle on the evening of February 9, 1990, one of the officers noticed the strong odor of an alcoholic beverage on Plaintiff's breath. (Def. Mot., Ex. 1, at 2). | 2. Irrelevant. Plaintiff is not denied a fundamental right for having had an odor on his breath on February 9, 1990. |
| 3. On the evening of February 9, 1990, after failing a sobriety test, Montgomery County, Maryland police officers placed Plaintiff under arrest. (Def. Mot., Ex. 1, at 2-3). | 3. Irrelevant. Plaintiff is not denied a fundamental right for having failed a sobriety test, or for being arrested, on February 9, 1990. |
| 4. On the evening of February 9, 1990, Montgomery County, Maryland police officers recorded Plaintiff's blood-alcohol content as .11 percent. (Def. Mot., Ex. 1, at 1). | 4. Irrelevant. Plaintiff is not denied a fundamental right for having had a blood-alcohol content of .11 percent on February 9, 1990. |

| Alleged Fact | Response |
|---|---|
| 5. While arresting Plaintiff on the evening of February 9, 1990, Montgomery County, Maryland police officers found a loaded .357 Magnum handgun concealed under a sports coat in the small of Plaintiff's back. (Def. Mot., Ex. 2, at 2). | 5. Admitted. The officers found the handgun because Plaintiff told them where it was. See Suarez Decl., ¶ 5 |
| 6. While arresting Plaintiff on the evening of February 9, 1990, Montgomery County, Maryland police officers found two loaded "speed-loaders" in Plaintiff's possession. (Def. Mot., Ex. 2, at 2). | 6. Irrelevant. Plaintiff is not denied a fundamental right for having possessed ammunition in his car on February 9, 1990. |
| 7. Plaintiff did not have a license to carry the handgun that Montgomery County, Maryland police officers found on his person on February 9, 1990. (Def. Mot., Ex. 3, at 1). | 7. Admitted. |
| 8. On June 26, 1990, Plaintiff was convicted by the District Court of Montgomery County, Maryland, for unlawfully carrying a handgun, in violation of then-Md. Ann. Code art. 27, § 36B(b). (Def. Mot., Ex. 4, at 1). | 8. Admitted. |
| 9. On June 26, 1990, Plaintiff was sentenced by the District Court of Montgomery County, Maryland, to one year of probation, 180 days of imprisonment, and a $500 fine and court costs, but the term of imprisonment and fine were both suspended. (Def. Mot., Ex. 4, at 1). | 9. Admitted. |

Dated: November 13, 2014

By: /s/ Douglas Gould
Douglas Gould (PA Bar No. 78357)
Law Offices of Douglas T. Gould, P.C.
925 Glenbrook Avenue
Bryn Mawr, PA 19010
610.520.6181/Fax 610.520.6182
dgould@gouldlawpa.com

Respectfully submitted,

By: /s/Alan Gura
Alan Gura
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665
alan@gurapossessky.com

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2014, I caused the foregoing to be served via electronic case filing, as follows:

DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: Daniel.Riess@usdoj.gov

    /s/ Alan Gura
    Alan Gura